

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00027-CR

Isidoro **ALVARADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR6175
Honorable Ray Olivarri, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  November 19, 2014

AFFIRMED

Isidoro Alvarado appeals his conviction for the offense of aggravated sexual assault of a child. In one issue, Alvarado argues the trial court erred in admitting extraneous offense evidence because the danger of unfair prejudice substantially outweighed the probative value of the evidence under Texas Rule of Evidence 403. We affirm.

Alvarado was accused of aggravated sexual assault of a four-year-old child. At the time of the offense, Alvarado was living with Vivian Woodward, who provided daycare for the four-year-old complainant. Both the complainant and her mother testified at trial. The State then offered the

testimony of Alvarado's fifteen-year-old daughter who claimed that Alvarado had touched her inappropriately several years earlier on numerous occasions. The State offered this testimony pursuant to Article 38.37 of the Texas Code of Criminal Procedure. Article 38.37, Section 2, provides that under certain circumstances[1] and notwithstanding Texas Rules of Evidence 404 and 405, evidence that the defendant has committed a separate sexual offense may be admitted in the trial of certain alleged sexual offenses "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2 (West Supp. 2014). When Article 38.37, Section 2 is invoked, the trial court must conduct a hearing outside the presence of the jury to "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id.* art. 38.37, § 2-a. In this case, the trial court did conduct such a hearing and determined that the evidence could support a jury finding beyond a reasonable doubt that Alvarado committed the separate offense. Based on that determination, Alvarado's daughter was allowed to testify before the jury.

On appeal, Alvarado makes no complaint about the court's application or implementation of Article 38.37 in this case. Instead, his complaint is limited to the sole argument that the trial court should have excluded his daughter's testimony regarding inappropriate touching[2] under Texas Rule of Evidence 403. Rule 403 provides that relevant evidence "may be excluded if its

---

[1] Specifically this section applies "to the trial of a defendant for: (1) an offense under any of the following provisions of the Penal Code: (A) Section 20A.02, if punishable as a felony of the first degree under Section 20A.02(b)(1) (Sex Trafficking of a Child); (B) Section 21.02 (Continuous Sexual Abuse of Young Child or Children); (C) Section 21.11 (Indecency with a Child); (D) Section 22.011(a)(2) (Sexual Assault of a Child); (E) Sections 22.021(a)(1)(B) and (2) (Aggravated Sexual Assault of a Child); (F) Section 33.021 (Online Solicitation of a Minor); (G) Section 43.25 (Sexual Performance by a Child); or (H) Section 43.26 (Possession or Promotion of Child Pornography); or (2) an attempt or conspiracy to commit an offense described by Subdivision (1)." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(a) (West Supp. 2014).

[2] Throughout his brief, Alvarado characterizes his daughter's testimony as alleging that he had sex with her, raped her, and penetrated her sexual organ. Her testimony, however, was that Alvarado touched her inappropriately while she was bathing and while she slept with him in his bed.

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403.

The State points out, however, that at trial Alvarado did not raise a Rule 403 objection to his daughter's testimony. The State thus argues Alvarado has not preserved his sole issue for appeal. *See* TEX. R. APP. P. 33.1(a). In his brief, Alvarado cites to portions of the record where he argues the evidence in question was admitted over his objection. However, those objections do not conform to the issue he raises on appeal. The record reflects that Alvarado's objections to his daughter's testimony related only to the constitutionality of Article 38.37[3] and to whether the trial court could properly determine that the evidence could support a jury finding that Alvarado was guilty of the separate offense against his daughter beyond a reasonable doubt as required by Article 38.37, Section 2. Nowhere does Alvarado point to portions of the record, nor can we find support in the record, to show he preserved a Rule 403 objection.

A specific Rule 403 objection must be made in the trial court to preserve error on appeal. *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh'g); *Lopez v. State*, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see also* TEX. R. APP. P. 33.1(a). Because Alvarado did not make a timely Rule 403 objection at trial, he waived any error on appeal.

We affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish

---

[3] Although in his brief, Alvarado stated that he raises on appeal "the constitutional objection against the use of Texas Code of Criminal Procedure Article 38.37 Section 2," his brief does not include any argument or authorities to support this statement. Thus, he has inadequately briefed any argument regarding the constitutionality of Article 38.37, Section 2. *See* TEX. R. APP. P. 38.1(i).